# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.05-MC-9008-RED |
| WILLIAM R. MACKEY, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States filed its Petition to Enforce two Internal Revenue Service Summonses. Attached to the Petition is a Declaration of Walt Stanton, Revenue Officer. Thereafter, a Show Cause Order was entered. The defendant was served a copy of the Show Cause Order, and he thereafter sent a copy of it to the Internal Revenue Service with a disclaimer in red stamped on the front page. The matter was called for a hearing. The taxpayer did not appear. The United States was represented by Earl Brown, Assistant United States Attorney.

United States v. Powell, 379 U.S. 48, 57-58 (1964), established the elements of the prima facie case the government must present in seeking enforcement of a Revenue Service Summons. It must show 1) that the investigation will be conducted pursuant to a legitimate purpose; 2) that the inquiry may be relevant to the purpose; 3) that the information sought is not already within the Commissioner's possession, and 4) that the administrative steps required by the Code have been followed-in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the

taxpayer in writing to that effect. The testimony and declaration of Revenue Officer Walt Staton established that the investigation of this taxpayer is for the purpose of determining his tax liability for the years ending December 31, 1996, 1997, 1998, 1999, 2000 and 2003. The records sought from the taxpayer are clearly relevant to this determination. No evidence has been submitted which would refute the testimony and declaration referred to herein; that the information is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

The taxpayer respondent has appeared at the office of the Internal Revenue Service, but has not produced the records pursuant to the summonses. He has rather tendered a document which states it is an International Bill of Exchange. The taxpayer asserts that this pays his taxes for the years 1996 through 2000.

The record supports the agency's position that the taxpayer did not voluntarily disclose the information requested, and that he was thereafter properly served with the summonses, which the Service now seeks to enforce.

Because a prima facie case has been established, and because the taxpayer has done nothing to disprove a valid civil purpose for the investigation and summons, <u>United States v. LaSalle National Bank,</u> 437 U.S. 298, (1978), it is

RECOMMENDED that the Petition to Enforce Internal Revenue Service Summonses be granted. It is further

RECOMMENDED that the defendant be required to appear before the United States District Court on a date established by the Court and produce the summonsed records or, in the alternative, be held in contempt of Court. It is further

ORDERED that a copy of this Report and Recommendation, together with one copy each of the Petition to Enforce Internal Revenue Service Summonses, the Motion for Order to Show Cause, the Declaration of Walt Staton, and the Order to Show Cause shall be served by the United States Marshal on the taxpayer, who has ten (10) days thereafter to file objections to this Report and Recommendation.

      /s/ James C. England  
      **JAMES C. ENGLAND**  
      **UNITED STATES MAGISTRATE JUDGE**

Date: September 19, 2005